In this matter, the majority of the Full Commission found that plaintiffs claim for a change of condition was not filed within the two (2) year limit imposed by G.S. 97-47. Because I believe that the analysis of this case by the Commission was incorrect, I respectfully dissent from the majoritys Opinion and Award.
The parties in this matter stipulated that plaintiff sustained a compensable back injury on 17 January 1994, for which an Industrial Commission Form 21 was entered into and approved by the Commission. Pursuant to this Form 21, plaintiff was paid temporary total disability compensation through 3 June 1994, the date focused on by the majority in rendering its decision. However, 19 May 1994 is the crucial date in determining this case, as that was the date upon which plaintiff was terminated for failure to work on four (4) consecutive days.
I would first point out the apparent inconsistency between the findings of fact made by the majority and the actual facts of this case. Plaintiff was terminated, purportedly for failing to work without an excuse on four (4) consecutive days, during the period in which he was receiving temporary total disability compensation. However, to receive these benefits means by correlation that plaintiff was unable to work, thereby providing ample excuse for his absences and casting doubt on circumstances of his termination. This inconsistency is not addressed by the majority in its Opinion and Award.
Given the obviously questionable circumstances of plaintiffs termination, the proper analysis of this case should have been made under the holding of Seagraves v. Austin Co. of Greensboro, 123 N.C. App. 228,472 S.E.2d 587 (1996). Under Seagraves, it was defendants burden to prove that plaintiffs termination was for misconduct or fault for which a non-disabled employee would also have been terminated. Id. However, at no stage of the proceedings in this matter, whether at the time of the approval of the Form 24 suspending benefits, with the Deputy Commissioners decision or with the Full Commissions Opinion and Award, was this potentially determinative issue analyzed.
Accordingly, justice demands that the prior Order suspending benefits and the Deputy Commissioners Opinion and Award be vacated, and this matter remanded for a new hearing. This hearing should determine whether or not defendant met its burden under Seagraves. Absent sufficient proof by defendant on this issue, plaintiff may have been entitled disability benefits subsequent to 3 June 1994 which would necessarily require a new determination of whether his claim for a change of condition was timely filed.
For the foregoing reasons, I would vote to vacate the Deputy Commissioners Opinion and Award and remand this matter for and new hearing, and respectfully dissent from the majoritys Opinion and Award.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER